Filed 5/22/25  P. v. Watkins CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CHRISTOPHER WATKINS, Defendant and Appellant. | F080436 (Super. Ct. No. F14909870) **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Spolin Law, Aaron Spolin; James S. Thomson, Ethan H. Stone, Laura A. Douglas; Law Office of Jennifer M. Sheetz, Jennifer M. Sheetz; Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Kimberley A. Donohue, Dina Petrushenko, Stephanie A. Mitchell, and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Smith, J. and Snauffer, J.

**INTRODUCTION**

This matter is before us on transfer from the Supreme Court for reconsideration in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) and *People v. Salazar* (2023) 15 Cal.5th 416 (*Salazar*).  (See Cal. Rules of Court, rule 8.528(d).)  In accordance with the Supreme Court's order, we have vacated our earlier decision, and the parties have submitted supplemental briefing.

In our prior opinion, we concluded the trial court's noncompliance with Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill No. 567), which was enacted while the appeal was pending, was harmless.  (*People v. Watkins* (Nov. 4, 2022, F080436) [nonpub. opn.].)  Although appellant Christopher Watkins was not afforded a jury trial on aggravating circumstances, we reasoned he did not suffer prejudice because the evidence overwhelmingly established that he "took advantage of a position of trust or confidence to commit the offense" (Cal. Rules of Court, rule 4.421(a)(11)), the lone aggravating circumstance the trial court relied upon to impose the upper term.

Following consideration of *Lynch*, *Salazar*, and the parties' supplemental briefs, we have concluded Watkins nonetheless is entitled to a remand and resentencing, because the record does not "clearly indicate" the trial court would have imposed the same sentence had it been aware of Senate Bill No. 567's presumption against the upper term.  (*Lynch, supra,* 16 Cal.5th at p. 777.)  Accordingly, we vacate Watkins's sentence and remand the matter for resentencing.  In all other respects, we affirm.

**BACKGROUND**

In 2019, a jury convicted Watkins of rape by force (Pen. Code,[1] § 261, subd. (a)(2); count 1), criminal threats (§ 422; count 2), and dissuading a witness by force or threats (§ 136.1, subd. (c)(1); count 3).  We need not discuss the facts underlying these

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

convictions because they are not relevant to the issues raised by the Supreme Court's transfer order.[2]

The trial court sentenced Watkins to 11 years in state prison as follows. On count 1, it imposed the upper term of eight years. On count 3, it imposed a consecutive full middle term of three years pursuant to section 1170.15. Sentence on count 2 was ordered stayed pursuant to former section 654.

The trial court elected to impose the upper term on count 1 based on the aggravating circumstance that Watkins "took advantage of a position of trust or confidence to commit the offense." (Cal. Rules of Court, rule 4.421(a)(11).) The court explained its reasoning as follows:

> "Well, basically, when it comes to balancing the factors, on the one hand, there is the lack of criminal history, but on the other hand, there was the abuse of a position of trust. This was not something where it was a random stranger or something that occurred on a date. Not minimizing either of those two circumstances, this was somebody who was going to work in a place, where she had an expectation and a right to feel safe, and then, in turn, was raped by her employer. So the court does believe that aggravating factor outweighs the mitigating factor of a lack of criminal history."

Because Watkins was sentenced in 2019, over two years before Senate Bill No. 567 went into effect, he was not afforded a jury trial on the truth of this aggravating circumstance, as is now required by section 1170, subdivision (b)(2).

## DISCUSSION

**Watkins is entitled to a remand and resentencing because the record does not clearly indicate the trial court would have imposed the same sentence had it been aware of its more limited discretion under Senate Bill No. 567.**

In supplemental briefing, Watkins contends he must be remanded for resentencing because the record does not clearly indicate the trial court would have imposed the same

---

[2] A detailed description of the underlying facts is set forth in our prior opinion. (*People v. Watkins*, *supra*, F080436.)

3.

sentence had it been aware of Senate Bill No. 567's presumption against the upper term. We agree.

When Watkins was sentenced in 2020, former section 1170 gave the trial court "broad discretion to select among three terms and impose a sentence that in its judgment served the interests of justice." (*Lynch, supra,* 16 Cal.5th at p. 773.) Effective January 1, 2022, Senate Bill No. 567 placed limits on the discretion to impose the upper term. (§ 1170, subd. (b)(1) & (b)(2).) Section 1170, subdivision (b)(2) now specifies that a sentencing court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Thus, Senate Bill No. 567 narrowed the trial court's discretion "by creating a presumption against the upper term, which may be overcome only if the required facts are properly proven, and the court concludes that term is justified." (*Lynch, supra,* 16 Cal.5th at p. 773.) The parties agree Senate Bill No. 567 applies retroactively to Watkins's case, as it is not final on appeal. (See *Lynch, supra,* 16 Cal.5th at p. 749.)

*Lynch* holds that where a sentencing court imposed the upper term under a former version of section 1170, subdivision (b), the sentence must be vacated and the matter remanded for resentencing unless the record "clearly indicate[s] that the court would have found an upper term justified had it been aware of its more limited discretion." (*Lynch, supra,* 16 Cal.5th at p. 743.) More precisely, the record must "clearly indicate" that the court "would have found aggravating circumstances sufficiently weighty to 'justify' an upward departure from the legislative mandate for no more than a middle term sentence." (*Id.* at p. 777.)

Our high court has cautioned that in applying the "clearly indicates" standard, " 'it is almost always speculative for a reviewing court to say what the sentencing court would

4.

have done if it had known the scope of its discretionary powers at the time of sentencing.' " (*Lynch, supra,* 16 Cal.5th at p. 776, quoting *Salazar, supra,* 15 Cal.5th at p. 425.) "Mere reliance on the length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers." (*Salazar, supra,* 15 Cal.5th at p. 431.) Accordingly, remand for resentencing is generally required unless the sentencing court clearly stated that "it would not impose a lesser sentence under any circumstances" (*Lynch, supra,* 16 Cal.5th at p. 777), or "announce[d] that it is aware of forthcoming legislation and then explain[ed] how it would exercise its discretion under that legislation" (*Salazar, supra,* 15 Cal.5th at p. 431).

Here, the trial court made no such definitive statements. Rather, it elected to impose the upper term based on its conclusion the aggravating circumstance that appellant "took advantage of a position of trust or confidence to commit the offense" (Cal. Rules of Court, rule 4.421(a)(11)) outweighed the mitigating circumstance that appellant had "no prior [criminal] record" (Cal. Rules of Court, rule 4.423(b)(1)). This does not provide a clear indication that the trial court would have imposed the upper term had it been aware of its more limited discretion under section 1170 as amended by Senate Bill No. 567. While respondent notes the trial court also exercised its discretion to impose a consecutive term on count 3, *Lynch* and *Salazar* make clear that such sentencing decisions are insufficient to determine how the trial court would have exercised its discretion under current law. (*Lynch, supra,* 16 Cal.5th at pp. 776-777; *Salazar, supra,* 15 Cal.5th at p. 431.) Accordingly, we conclude the record does not clearly indicate the trial court would have elected to impose the upper term "under the weight of the presumptive

middle term maximum sentence that currently exists," and *Watkins* is entitled to a remand and resentencing.[3]  (*Lynch, supra,* 16 Cal.5th at p. 777.)

To assist the court and parties on remand, we offer the following guidance from *Lynch*.  The People may elect to try the truth of the aggravating circumstance that appellant "took advantage of a position of trust or confidence to commit the offense" (Cal. Rules of Court, rule 4.421(a)(11)), and/or other aggravating circumstances set forth in the California Rules of Court.  (See *Lynch, supra,* 16 Cal.5th at p. 777.)  If one or more of the aggravating circumstances is properly proven in accordance with section 1170, subdivision (b), the trial court "retains its discretion to impose an upper term sentence if it concludes that one or more … circumstances justify such a sentence." (*Lynch, supra,* 16 Cal.5th at p. 778.)  If the court "cannot so conclude, it may impose no more than a middle term for each of the counts on which [Watkins] stands convicted." (*Ibid.*)

## **DISPOSITION**

Watkins's sentence is vacated and the matter is remanded for full resentencing in conformity with section 1170, subdivision (b).  The People may elect to try aggravating factors on remand or proceed to resentencing.  In all other respects, the judgment is affirmed.

---

[3]  Watkins also contends that remand and resentencing is required because the record does not support our previous conclusion beyond a reasonable doubt that a jury would have found true the aggravating circumstance that Watkins "took advantage of a position of trust or confidence to commit the offense." (Cal. Rules of Court, rule 4.421(a)(11).)  We need not reexamine this conclusion because we determine the matter must be remanded for resentencing on another ground.

We emphasize, however, that Watkins was not afforded a jury trial on the truth of this aggravating circumstance.  Accordingly, upon remand, the trial court may not rely upon this aggravating circumstance to justify an upper term unless it is properly proven in accordance with section 1170, subdivision (b).